IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VICTORY OGOLE, )
 )
               Petitioner, )
 )
v. )   Case No. 24-3198-JWL
 )
MERRICK GARLAND, Attorney General; )
ALEJANDRO MAYORKAS, DHS Secy.; )
LeDEON FRANCIS, ICE Field Office Dir.; )
   and )
JACOB WELSH, Administrator, )
   Chase County Detention Center, )
 )
               Respondents. )
 )
_____)

## **MEMORANDUM AND ORDER**

Petitioner, an alien being detained pending removal, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he seeks his release. For the reasons set forth below, the Court **denies** the petition. The Court also **denies** petitioner's motion for appointment of counsel (Doc. # 4), and it **denies as moot** petitioner's motion to proceed without prepayment of the filing fee (Doc. # 2). Respondents' motion to supplement their response (Doc. # 13) is hereby **granted**.

Petitioner is a native and citizen of the Democratic Republic of the Congo ("the DRC"). In 2020, petitioner was convicted in Kansas state court of the criminal use of a financial card; and in 2023, petitioner was convicted in Kansas state courts of unlawful possession of a controlled substance (codeine) and a conspiracy to commit identity theft.

Removal proceedings were initiated against petitioner, and an order for the removal of petitioner from this country became final on July 24, 2024, when petitioner's appeal was dismissed. Petitioner has sought to reopen the appeal of his removal order, but that request remains pending. Petitioner initiated the present habeas action on November 13, 2024. Respondents have filed a response to the petition, and petitioner has filed a reply brief, and the petition is therefore ripe for ruling. In addition, on February 12, 2025, respondents notified and provided evidence to the Court that in January the DRC issued petitioner a travel document, that petitioner has now been scheduled for a repatriation flight to the DRC, and that petitioner's removal is therefore imminent.[1]

By his habeas petition, petitioner challenges his continued detention for more than six months after his removal order became final, and he seeks immediate release or at least a bond hearing. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S. C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). The Court has discussed the standard relevant to this petition as follows:

> Under 8 U.S.C. § 1226, the Attorney General may arrest and detain an alien pending a determination of whether the alien is to be removed from the United States. Detention during this "pre-removal period" is considered

---

[1] In light of these recent developments, which occurred after respondents filed their answer, the Court in its discretion, for good cause shown, grants respondents' motion for leave to supplement their response. The Clerk is directed to file respondents' supplemental response, which they attached to their motion for leave, forthwith.

> definite because it terminates upon the immigration court's removal decision. *Id*. at 529.
>
> Upon the entry of a final removal order, the matter enters the "removal period," and the statutory authority for detention shifts to 8 U.S.C. § 1231. . . .
>
> After an order of removal becomes administratively final, the Attorney General "shall detain the alien" during the 90-day removal period established under 8 U.S.C. § 1231(a)(2). *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) and *Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005). Generally, the government is required to remove the alien held in its custody within the 90-day removal period. *See* 8 U.S.C. § 1231(a)(1)(A)–(B).
>
> While the government may detain an "inadmissible" or criminal alien beyond the statutory removal period, *see* 8 U.S.C. § 1231(a)(6), the government may not detain such an alien indefinitely. *Zadvydas*, 533 U.S. at 699. Instead, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *Id*. at 701. Beyond that period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. Furthermore, as the period of detention grows, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. The six-month presumption does not mean that every alien must be released after that time, but rather an alien may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

*See Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2 (D. Kan. Jan. 18, 2017) (Lungstrum, J.); *see also Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (quoting and applying this standard from *Anyimu*); *Madej v. Garland*, 2023 WL 1396195, at *1-3 (D. Kan. Jan. 31, 2023) (Lungstrum, J.) (same).

Petitioner's removal was sought pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), which authorizes the deportation of an alien convicted of multiple crimes involving moral

3

turpitude; and 8 U.S.C. § 1227(a)(2)(B)(i), which authorizes the deportation of an alien convicted of a crime relating to a controlled substance. *See id.* § 1227(a)(2). Because petitioner is removable under Section 1227(a)(2), he may be detained beyond the 90-day removal period. *See id.* § 1231(a)(6). Petitioner, however, citing *Zadvydas*, challenges his detention beyond the presumptively-reasonable period of six months after his removal order became final in July 2024.

The Court concludes that petitioner has not met the applicable standard under *Zadvydas* set forth above, and it therefore denies this claim. Petitioner notes that he has sought to have the appeal of his removal order reopened, but that request has not yet been granted, and the removal order therefore remains final. Petitioner also argues that his country has a "freeze on deportation," but that argument, made without supporting evidence, is belied by the fact that the DRC has now issued petitioner a travel document. Although petitioner has now been detained for slightly longer than six months after his removal order became final, he has not shown that there is no significant likelihood of removal in the reasonably foreseeable future. Moreover, even if petitioner could be deemed to have made such a showing, respondents have adequately rebutted that showing with their evidence that petitioner's removal has been scheduled and is imminent. *See Kaliku*, 2024 WL 4854523, at *3 (rejecting claim under *Zadvydas* because the petitioner's removal was imminent); *Madej*, 2023 WL 1396195, at *3 (same).

The Court also rejects any claim that petitioner is entitled to a bond hearing, for the reason that petitioner's custody is mandatory because he is deportable under the provisions of Section 1227 cited above. *See* 8 U.S.C. § 1226(c)(1)(B). Petitioner appears to dispute

that he was convicted of two separate crimes involving moral turpitude "not arising out of a single scheme" pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii).  In support of that argument, he has provided evidence that the offense conduct for his second and third convictions occurred on the same date.  It is petitioner's *first* and third convictions, years apart, that satisfy this provision, however.  *See Flores-Molina v. Sessions*, 850 F.3d 1150, 1159 (10th Cir. 2017) (crimes involving fraud constitute crimes involving moral turpitude).  Moreover, petitioner has failed to address the other basis for his removal – his drug conviction – that makes his detention mandatory.  Accordingly, the Court denies the petition in its entirety.

Because it is clear that petitioner is not entitled to relief, the Court denies his motion for appointment of counsel.  In light of the denial of the petition, the Court denies as moot petitioner's pending motion to proceed without prepayment of the filing fee.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for appointment of counsel (Doc. # 4) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed without prepayment of the filing fee (Doc. # 2) is hereby **denied as moot**.

5

IT IS FURTHER ORDERED BY THE COURT THAT respondents' motion to supplement their response (Doc. # 13) is hereby **granted**, and respondents' supplemental response shall be filed by the Clerk forthwith.

IT IS SO ORDERED.

Dated this 19th day of February, 2024, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge
